SARAH CULBERSON, Respondent, v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 13, 1892.

1. **Practice, Trial:** INSTRUCTIONS: EVIDENCE. It is error to instruct the jury on a matter as to which there is no evidence, and so, where

an instruction told the jury, in estimating plaintiff's damages, to allow any expense incurred for drugs or treatment by physicians, and there was no evidence of any such expense, it was reversible error.

2. Carriers: TIME FOR PASSENGER TO ALIGHT. If a carrier of passengers by railway stops the train long enough for the passenger, by the use of reasonable expedition, to get off, then there is no cause of complaint; the evidence in this case is examined and *held* sufficient to submit the case to the jury.

3. Witnesses: PLAINTIFF AS: TESTIMONY AGAINST INTEREST: INSTRUCTION: ALIGHTING FROM TRAIN. An instruction which told the jury that what plaintiff testified against her interest, if anything, is to be taken as true, *held* properly refused in this case, as her estimate of the time the train stopped may be the result of mistaken judgment, while the relation of how she got off may show she used reasonable expedition.

*Appeal from the Clinton Circuit Court.*—HON. J. M. SANDUSKY, Judge.

REVERSED AND REMANDED.

*Riley & Herndon* and *Pratt, Ferry & Hagerman,* for appellant.

(1) The court below erred in giving plaintiff's instruction 7. For this error the case should be reversed. *Duke v. Railroad*, 99 Mo. 347; *Smith v. Railroad*, 18 S. W. Rep. (Mo.); *Norton v. Railroad*, 40 Mo. App. 642, 647; *Churchman v. Kansas City*, 49 Mo. App. 366. (2) The court below erred in refusing defendant's instruction 15. For this error the case should be reversed. *State v. Brooks*, 99 Mo. 137. (3) The case should not be remanded for these reasons: A plaintiff is confined to the act of negligence pleaded. *Price v. Railroad*, 40 Mo. App. 189, 195; *Waldhier v. Railroad*, 71 Mo. 514; *Schlereth v. Railroad*, 96 Mo. 509. The act of negligence here pleaded is that the train stopped an insufficient length of time, which claim is not sustained by any evidence, and is in the face of a judicial admission of plaintiff. Such an

admission is binding upon her. *State v. Brooks*, 99 Mo. 137. In addition, it is apparent that upon the pleadings and evidence there is no case. *Strauss v. Railroad*, 75 Mo. 185; s. c., 86 Mo. 421. (4) Defendant's instructions 14 and especially 7 were wrongfully refused. *Strauss v. Railroad*, 75 Mo. 185; s. c., 86 Mo. 421.

*William M. Burris* and *Sherry & Hughes*, for respondent.

(1) The court did not err in refusing defendant's seventh, fourteenth and fifteenth instructions. *First*. All of defendant's instructions might have been refused on account of their number, and it would not have been error. *Gelvin v. Railroad*, 21 Mo. App. 280; *Renshaw v. Ins. Co.*, 33 Mo. App. 394; *Crawshaw v. Sumner*, 56 Mo. 517; *Desberger v. Harrington*, 28 Mo. App. 636. If they all might have been properly refused, it would not be error to refuse any one of them. *Second*. The issue in the case was simple and single, and was fully covered by the instructions already given, and the defendant's instructions, numbered 7, 14 and 15, were properly refused. *Com. Co. v. Bank*, 27 Mo. App. 676. (2) Defendant's seventh instruction was [properly refused. *First*. It is improper for the court by instructions to direct the attention of the jury to particular facts, or to the contradictory statements in a particular witness' evidence, or to state what weight or effect any fact stated by any witness ought to have. *State v. Breeden*, 58 Mo. 509; *Miller v. Marks*, 20 Mo. App. 369; *Weil v. Schwartz*, 21 Mo. App. 372; *Judd v. Railroad*, 23 Mo. App. 56; *Hopper v. Vance*, 27 Mo. App. 336. *Second*. There was no judicial admission in the case. "A judicial admission is an admission of the party which appears of record in the proceedings of the court."

1 Bouvier's Law Dictionary, p. 21. "Judicial admissions—admissions which appear of record, as the admission to the party making them." 1 Rapalje and Lawrence's Law Dictionary, p. 698. (3) *First.* If there was any error in the plaintiff's seventh instruction it was a harmless error and ought not to reverse the case. *Nance v. Metcalf,* 19 Mo. App. 183; *Gaty v. Sack,* 19 Mo. App. 470; *Chambers v. Benoist,* 25 Mo. App. 520; *Meyers v. Railroad,* 59 Mo. 223. *Second.* The objectionable portion of the instruction was mere surplusage and not calculated to mislead. *Bowling v. King,* 55 Mo. 446; 2 Thompson on Trials, secs. 2401–2403; R. S. 1889, sec. 2303; *Lambert v. Hartshorn,* 65 Mo. 549.

GILL, J.—Plaintiff was a passenger on one of the defendant's trains, holding a ticket from Excelsior Springs to Birmingham, Clay county, Missouri. She claims that, when the train arrived at Birmingham, she attempted to alight, but that the train did not stop a reasonable time, and before she had entirely cleared the steps of the car it went suddenly forward, threw her upon the ground and injured her. She brought this action for damages, and on a trial by jury in the circuit court plaintiff had a verdict and judgment for $1,250, and defendant appealed.

I. The case seems to have been fairly well tried, and the issues were submitted to the jury by instructions covering every feature, both for the plaintiff and defendant, but, on account of an error patent on the face of plaintiff's instruction as to the measure of damages, the judgment must be reversed, and the cause remanded, for a new trial. The faulty instruction reads as follows: "7. If the jury find for the plaintiff, they will assess her damages at such sum as will compensate her for the injury sustained as a direct result of her

fall, and in doing so may take into consideration the character of the injury, whether permanent, or otherwise; the mental or physical suffering, if any, directly flowing from the injury; the loss of time, if any, directly occasioned by the injury; *any expense incurred for drugs or treatment by physicians,*—in all not exceeding the amount sued for."

The objectionable words of this instruction, we place in italics. The jury were, by this declaration from the court, authorized to allow the plaintiff for expenses for drugs and treatment by physicians, whereas there was no evidence of any such expense incurred. The plaintiff testified to treatment by several physicians, it is true, and she says such treatment was on account of injuries received by her fall from the cars at Birmingham; but there is not a scintilla of testimony that they charged her anything, nor is there any evidence as to what such professional treatment was reasonably worth. She expressly admits, too, that she never paid anything on account of such medical treatment. The jury then were authorized under this instruction to allow an element of damage of which there was no proof whatever. A similar instruction under like circumstances has been repeatedly condemned by the appellate courts of this state. *Duke v. Railroad,* 99 Mo. 347; *Barr v. Kansas City,* 105 Mo. 559; *Norton v. Railroad,* 40 Mo. App. 647; *Murray v. Railroad,* 101 Mo. 240.

Neither can we assume that this was a harmless error. The plaintiff, it seems, was for months after this accident, treated by several physicians, at Birmingham, at Liberty, at Excelsior Springs, and at two or more hospitals at Kansas City. Following, then, the suggestion of this erroneous instruction, the way was open to the jury to make a liberal and substantial allowance to pay these conjectural doctor bills. It is impos-

sible for the court to say how much of the $1,250 named in the verdict, was given on account of these medical services. The extent of plaintiff's injuries is under the evidence in much doubt. The jury may have concluded that those received from the fall off the cars were meager, but that yet on account of the medical services she ought to have a liberal allowance. At all events the instruction was error, and it must be presumed harmful in the absence of a satisfactory showing that it was innocent.

II. Defendant's counsel insist, however, that the plaintiff made no case, and that we should reverse the judgment without remanding. The record before us does not warrant so summary a disposition of the cause. The wrong of which plaintiff complains in her petition is thus stated: "At the time the said train reached defendant's depot at the said town of Birmingham, it being dark and rainy at said depot, the aforesaid defendant, by its agents and employes, negligently and carelessly stopped the train a length of time too short in which to allow the plaintiff to get off in safety, and started it before she could get off, and that the plaintiff, as soon as the train stopped, proceeded with all due diligence to get off of said train; but, as she was stepping down the car steps, and before she could reach the ground, the aforesaid train suddenly started, whereby plaintiff was violently thrown to the ground."

After reading the entire testimony, we conclude there was some evidence to sustain the charge here made. It seems to be the contention that the evidence (even on behalf of the plaintiff) shows that the plaintiff had ample time to alight from the cars. The law in this matter is well understood. If the train was stopped a sufficient length of time to enable the plaintiff, by the use of reasonable expedition, to get off

before it was again started, then she had no right to complain on that account. This is conceded to be the rule in such cases, and was fully adopted in the trial of this case. *Strauss v. Railroad*, 75 Mo. 185–190.

Now, although the plaintiff and the principal witness in her behalf, testified that the train stood at the Birmingham platform one, two and even three minutes, and while it appears that plaintiff, by the exercise of reasonable diligence, could have debarked in less than that period of time, yet, in detailing the circumstances of the train's stopping, and her motions in departing from the cars, the plaintiff and her companion give evidence of ordinary diligence in leaving the train. It is clear that people differ widely as to the estimation of passing time—particularly is this so in naming the minutes or seconds that may be thought to expire on any particular occasion. We think, then, it would be wrong to declare that plaintiff had failed to make a case because she *guessed* badly as to the time it took her to leave the train. She, and the party who assisted her to alight, ought to be left to detail the circumstances and their movements to the jury, and let it determine whether or not reasonable diligence was exercised.

III. Following what has been said in the foregoing paragraph in relation to the plaintiff's statement while a witness on the stand, that the train stopped at Birmingham for as much as two or three minutes, when the time to alight would ordinarily consume no more than thirty to sixty seconds, we are led to consider the court's action in refusing the defendant's instruction, numbered 15, which reads as follows: "15. While the plaintiff is a competent witness to testify in her own favor, yet the jury, in determining what weight, if any, they will give her testimony, have the right to consider her interest in the result of this suit; and

Culberson v. The Chicago, M. & St. P. Ry. Co.

what the plaintiff has testified to against her interest, if anything, *is to* be taken as. true, and what she testified to in her favor is to be given only such weight as the jury may believe, from all the evidence in the case, it is entitled to.''

This was evidently borrowed from *State v. Brooks*, 99 Mo. 142, and such instruction was there approved by the supreme court as applied to that case. Admitting now this to be a proper instruction ordinarily, we think it altogether improper in this particular case. Consider, now, how mischievously this instruction may be used when brought alongside this plaintiff's testimony. She testified to such facts—that is, relates them in detail—as would show that she left the defendant's train with due and proper diligence, yet she says that the train stopped as much as two or three minutes. Now, if this statement as to time is to be taken as *conclusive* against the plaintiff, as this instruction would have it, then it might be well argued that she did have ample time to leave the car, as, unquestionably, *one* minute even would answer that purpose. However, the jury might conclude that she was *wide of the mark* in her estimate of time; they might credit her relation of how she got off the car and have thought she was using less than ordinary time; and, *yet*, heeding this instruction, the jury would be bound to find that she consumed more than sufficient time because she ignorantly and inadvisedly made such an estimate. In our opinion, then, the court correctly refused this instruction.

However, for the reasons mentioned in the first paragraph, we must reverse the judgment and remand the cause for a new trial. All concur.