MAHALA A. HANKS, Respondent, v. THE CHICAGO & ALTON RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 14, 1895.

1. **Passenger Carriers:** GETTING ON AND OFF CARS. It is a carrier's duty to stop long enough for his passengers to get on and off by the use of ordinary care and diligence.

2. ———: ———: ASSISTING PASSENGERS. The carrier does not have to, in all cases, assist the passenger in getting on and off, and such assistance, if egress and ingress is easy, can not be claimed as a matter of right.

3. ——: ——: ——: INSTRUCTION. If the passenger is blind, aged and infirm or sick, of which the carrier has knowlege, he is entitled to more care and attention as well as to greater time and assistance in getting on and off, and an instruction announcing this doctrine, is approved.

4. **Appellate Practice**: INSTRUCTION: COMMON ERROR. An appellant can not be heard to complain of instructions when his own instructions recognize a like rule.

5. **Variance**: PLEADING: EVIDENCE. There is no substantial variance between the petition and proof in this case.

6. **Passenger Carriers**: ASSISTING BLIND PASSENGER: ATTENDANT. *Held,* on the evidence in this case, that the brakeman is not relieved of his duty to convey the plaintiff to a seat by reason of the fact that she came to the car with an attendant who placed her baggage thereon; since, if it was the primary duty of such attendant to see plaintiff safely seated, he was relieved of such duty by reason of the brakeman's conduct; and this question was submitted to the jury and found against the defendant.

7. **Trial Practice**: INSTRUCTION COVERING SAME GROUND. It is not error to refuse instruction covering ground which has already been covered by other instructions.

8. **Appellate Practice**: MOTION FOR A NEW TRIAL. The appellate court can not review the action of the trial court when it is not mentioned in the motion for a new trial.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Boyd & Murrell* for appellant.

(1) The court erred in refusing to permit defendant to interrogate the jurors as to their bias or prejudice against railroads as proposed by defendant in his question to said jurors. The question was a proper one. See Thompson on Trials, section 73, page 64 and note 4 to page 64. (2) The court erred in giving the first and second instructions asked by plaintiff. *Bank v. Murdock,* 62 Mo. 73; *Wade v. Hardy,* 75 Mo. 394; *Glass v. Gelvin,* 80 Mo. 297; *Jackson v. Railroad,* 87 Mo.

429; *Gist v. Loring*, 60 Mo. 487; *Lillis v. Railroad*, 64 Mo. 464; *Krech v. Railroad*, 64 Mo. 172; *Clark v. Railroad*, 64 Mo. 440. 2 Am. and Eng. Encyclopedia of Law, page 767; Hutchinson on Carriers, section 669; Beach on Contributory Negligence, section 103. (3) The court erred in refusing instructions five and seven asked by defendant; the evidence tending strongly to establish the facts to be as stated in them, and if established they constituted negligence on the part of plaintiff and her agent, which was the proximate cause of the plaintiff's injuries, and defendant was entitled to have them given. *Jackson v. Railroad*, 87 Mo. 429; *Brownfield v. Ins. Co.*, 26 Mo. App. 390; *Fitzgerald v. Hayward*, 50 Mo. 516; *Longuemore v. Busby*, 56 Mo. 540. The misfortune of being blind or deaf does not relieve the afflicted person from the duty to exercise ordinary case, but rather imposes upon them the duty of greater precaution to avoid injury. *Maloy v. Railroad*, 84 Mo. 270; *Purl v. Railroad*, 72 Mo. 168; *Simmons v. Railroad*, 71 Mo. 476.

*R. B. Caples* and *Sam'l Davis* for respondent.

(1) Appellant's first point is not well taken. *Railroad v. Buttoff*, 66 Ill. 347; *Railroad v. Hastine*, 73 Ill. 494. (2) Plaintiff's first and second instructions declare the law correctly as applicable to the evidence in this case. *Yarnell v. Railroad*, 113 Mo. 570; *Smith v. Railroad*, 108 Mo. 243; *Culberson v. Railroad*, 50 Mo. App. 556; *O'Connell v. Railroad*, 106 Mo. 482. (3) There was no failure of proof of the cause of action in its entire scope and meaning, but if the matter was material it was, at most, only a variance which might have been cured by amendment if attention had been called to it. Defendant's remedy was by affidavit proving to the satisfaction of the court that it was mislead-

ing. R. S., sec. 2096; *Brown v. Railroad*, 31 Mo. App. 661. There was testimony that plaintiff was thrown from the car by the motion of the train. (4) The evidence clearly shows the necessity for the assistance of the brakeman. It was his duty either to have assisted the plaintiff into the car, or to have offered her attendant a reasonable opportunity to do so before starting the train. *Doss v. Railroad*, 59 Mo. 27; *Yarnell v. Railroad*, 113 Mo. 570; *Reidenhour v. Railroad*, 102 Mo. 270; 2 Am. and Eng. Encyclopedia of Law, p. 767.

SMITH, P. J.—This is an action to recover damages for personal injuries alleged to have been occasioned by the negligence of defendant. The petition alleged, plaintiff being old and blind, purchased a ticket from defendant's agent in charge of its station at Glasgow, entitling her to transportation on said railroad from Glasgow to Cambridge switch, stations on defendant's said road; that, upon the sale and delivery of said ticket to plaintiff it became, and was, the duty of defendant to receive plaintiff on any of its passenger cars stopping at said stations, and to remain long enough at said station to allow plaintiff by the use of reasonable diligence to get on said cars and secure a seat; that as soon as plaintiff purchased said ticket she was conducted to one of defendant's regular passenger cars, stopping at said station of Glasgow, and there placed in charge of defendant's brakeman and servant in charge of said car, who was then and there informed that plaintiff was old and blind, and he, the brakeman, was asked to assist plaintiff in said car and conduct her to a seat. The said brakeman, on taking charge of plaintiff, assisted her up the steps and to the platform of said car, but instead of conducting her into said car and seating her, as he

ought to have done, said brakeman wrongfully, negligently and carelessly left plaintiff standing on the platform of said car without support or assistance, and signaled the persons in charge of said train to start.

That defendant's agents and servants in charge of said train wrongfully, carelessly and negligently started said train while plaintiff was on the platform of said car and before she could find her way into said car, and in attempting to move into said car, plaintiff by reason of the moving motion of said car and the fact that she was blind, lost her footing, and without any fault or negligence on her part, was thrown with great force and violence from the platform of said car against and upon the frozen ground, and by reason of the force and violence of said fall plaintiff received, etc., certain injuries.

The answer was a general denial coupled with the defense of contributory negligence. There was a trial which resulted in judgment for plaintiff, to reverse which this appeal is prosecuted.

The court in the instructions for plaintiff, in effect, told the jury that if they found from the weight of the evidence that plaintiff purchased a ticket of defendant, entitling her to passage from Glasgow to Cambridge switch, stations on defendant's road, and was conducted to defendant's passenger train, and a servant employed as brakeman on said train was informed that plaintiff was old and blind, and said servant was asked to take charge of her and see her on said train, and such servant did take hold of said plaintiff and assist her to the platform of said car, it then became, and was, the duty of said servant to either conduct plaintiff to a seat in said car or to afford plaintiff's attendant reasonable opportunity to do so before starting said train. And if the jury further find from the weight of the evidence that said train was started

while plaintiff was standing exposed on the platform of said car, and before said brakeman had attempted to conduct her to a seat in said car, or before plaintiff's attendant was afforded a reasonable opportunity and time to conduct her to a seat in said car, and by reason of being so left exposed on said platform after said train was put in motion, she was thrown or fell from said car to the ground, without any neglect on her part, or on the part of the attendant, contributing directly thereto, and was injured by said fall, then the verdict should be for plaintiff. And it further told the jury by its instructions for defendant:

1. That they could not infer or presume negligence on the part of defendant from the happening of the accident to plaintiff in this case; that it devolves upon plaintiff to establish by a preponderance of the evidence: *First.* That defendant or its servants employed on defendant's train, or some one of them, was informed that plaintiff was old and blind, and was asked to assist plaintiff on to said train and to conduct her to a seat, or that such servant knew that plaintiff was old and blind and knew that his services were necessary to help her on said train and to conduct her to a seat thereon, and that after being so informed and asked and after knowing plaintiff was old and blind and knowing that his services were necessary in conducting her to a seat, the defendant was guilty of negligence in assisting her on the train and conducting her to a seat. *Second.* That the plaintiff's injuries resulted solely from such negligence on the part of defendant. And unless the plaintiff has established both of these facts by a fair preponderance of all the evidence, your finding must be for defendant.

2. If the jury believe from the evidence that when the plaintiff came to defendant's car to take passage thereon, J. S. Ballew came with her for the pur-

pose of assisting her, and that he had hold of her arm when she went up on to the car platform, then defendant's brakeman or other servant there present had the right to presume that the said Ballew was there for the purpose of giving her all the assistance necessary, and, unless he or plaintiff expressly put herself in charge of defendant's brakeman or servant, and informed him that she was blind and required assistance, and informed him that Ballew was not going to assist her to a seat, the finding must be for defendant.

3.   The jury are instructed that if they believe from the evidence that plaintiff was old and blind, but that she still retained the faculties of hearing, feeling and speaking so as easily to be heard, and that before she walked off the train she knew either that she was following the direction given her by Ballew at the time, or knew that no one had hold of her or was assisting her, and walked off the platform of the car without knowing where or in what direction she was going, and further believe that, by the use of such faculties as she did possess she could have prevented her injuries, then the finding must be for defendant.

4.   The court instructs the jury that it was not the duty of the defendant to assist plaintiff in getting on its passenger car, unless defendant or its agent or servant there present, was informed or knew that plaintiff was old and blind and knew that she required assistance to enable her to get on said car, and unless the jury believe from the evidence that plaintiff was blind and that defendant or its agent or servant then present knew that fact, the verdict should be for defendant.

It is the law of this state that it is the duty of a carrier to stop long enough to enable its passengers to get or off its conveyance by the use of ordinary care or diligence. *Strauss v. Railroad*, 75 Mo. 185; *Smith v. Railroad*, 108 Mo. 243; *Culberson v. Railroad*, 50 Mo.

App. 556. It is not the duty of the carrier's employees to assist passengers in getting on and off its conveyance in all cases. If egrees or ingress is easy, assistance can not be claimed by the passenger as a matter of right. *Yarnell v. Railroad*, 113 Mo. 570. But when a person who is blind, aged, sick or infirm, if his condition is known to the carrier, is entitled to more care and attention than one who is under no such disability, as to the time allowed and assistance rendered in getting on or off the carrier's conveyance. Hutchinson on Carriers, sec. 670; *Sheridan v. Railroad*, 36 N. Y. 39; *Yarnell v. Railroad*, 113 Mo. 570. And, as said in the last cited case, all these classes are entitled to use the streets and ride in the cars; and such haste in starting up or such speed in driving as would be reasonable care toward others might well be carelessness and neglect toward them. In *Reidenhour v. Railroad*, 102 Mo. 270, it was expressly declared that, "if a passenger is evidently crippled, infirm or very young, the duty of the carrier towards him while alighting must be performed with due regard to such apparent condition." And obviously the rule enjoining upon the carrier this duty toward a passenger while alighting must inevitably extend to him while getting on a train since the reason upon which the rule is founded exists alike in both cases. There can be no solid ground of distinction between them.

The evidence though conflicting tended to show a breach of this duty. It is thus seen that the instructions given for plaintiff assert a rule of liability in consonance with the authorities just referred to, and, were it otherwise, the defendant could not be heard to complain, since the instructions asked and given for it, fully recognize a like rule.

There is no material variance between the allegations of the petition and the proof. There was substantial evi-

dence adduced by plaintiff tending to show that the plaintiff was thrown from the platform of the car by its forward motion. The plaintiff's first instruction was justified by the petition and the evidence.

The defendant further contends that the plaintiff's instructions were erroneous in declaring that it was the duty of defendant's brakeman to conduct her to a seat after he was informed that she was blind, for the reason that she had an attendant who had her in charge and who was assisting her and hence there was no necessity for the brakeman's assistance to conduct her to a seat, and that, under such circumstances, the law did not require such service of him. It is sufficient answer to this to say there was introduced evidence tending to show that Mr. Ballew, plaintiff's attendant, stated to defendant's brakeman in a voice sufficiently loud to be heard by several bystanders to the effect that, "here is a blind lady and I want you to put her on the train;" that thereupon the defendant's brakeman took hold of the plaintiff and assisted her onto the platform of the car and then stepped back and signaled the train to go on, leaving the plaintiff unattended, standing on the platform; that, at that, the train then started, its forward motion causing plaintiff to be thrown off the platform upon the frozen ground, which resulted in the injuries complained of. Ballew testified that he had the plaintiff's baggage in his hand and while following plaintiff in charge of the brakeman onto the platform, the latter inquired of him if he was going and being informed in the negative, he then told him to get off, which he accordingly did, after hastily depositing plaintiff's baggage inside of the door of the car. If it was, as the defendant contends, the primary duty of the plaintiff's attendant to see her safely seated in the car, he was relieved of that duty under the circumstances just stated. The defendant's brakeman having assumed

that duty towards plaintiff, and, neglecting, as he did, to perform it, with due regard to her known condition, in consequence of which she was injured, defendant must be held liable for the resulting damages. Besides this, the defendant's instructions submitted the question of liability to the jury under the evidence tending to prove the facts hereinbefore just referred to, so that the defendant's contention is without merit. The defendant's third instruction sufficiently submitted to the jury the question of the plaintiff's contributory negligence, so that the refusal by the court to give the others asked by it on the same subject was not improper. No error is perceived in the action of the court in refusing any of the defendant's instructions.

The propriety of the action of the court in refusing to permit the defendant to propound a certain interrogatory to one of the *venire* men can not be reviewed by us, since, in the motion for a new trial, this was not made one of the grounds therefor.

It results that the judgment must be affirmed. All concur.