REBECCA DEMING, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 24, 1899.

1. **Passenger Carriers**: STOPPING AT STATION: ASSISTANCE TO PASSENGER.   A passenger carrier should stop its train at its stations long enough to enable passengers by the use of ordinary diligence to enter or leave the cars, but ordinarily it owes the passenger no duty to assist in so entering or leaving unless he is sick or infirm to the knowledge of the carrier.

Deming v. C., R. I. & P. R'y Co.

2. ——: ——: ——: INSTRUCTION. An instruction requiring not only safe carriage of the passenger but also imposing the duty to discharge the passenger safely at the platform or other reasonably safe place is misleading, as it leaves the jury to infer that it devolved upon the carrier to assist the passenger in leaving the train.

3. ——: DAMAGES: MENTAL SUFFERING. A passenger carried by his station and put off in the darkness can not recover damages for mental suffering and fright unless such mental anguish is connected with a contemporaneous physical injury, and mere sickness resulting from fright, worry and over taxation of strength after leaving the train will not justify a recovery of damages for mental suffering.

4. ——: STOPPING AT STATION: ACTION: DAMAGES. If the carrier does not stop its train at the station for a sufficient length of time to afford the passenger a reasonable opportunity to alight, or if the train stops at a dangerous place, the carrier is guilty of such a breach of duty as renders it liable for resulting damages, and the evidence in this case is sufficient to sustain a verdict for the damages assessed.

*Appeal from the Davies Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

W. F. EVANS and McDOUGAL & SEBREE for appellant.

(1) There was no physical or bodily injury to plaintiff, and in such case fright and mental suffering are not elements to be considered. Strange v. Railway, 61 Mo. 586; Trigg v. Railroad, 74 Mo. 147; Nelson v. Railroad, 68 Mo. 593; Marshall v. Railroad, 78 Mo. 610; Connell v. Tel. Co., 116 Mo. 34; Wood's Mayne on Damages, p. 74 (note); Pierce on Railroads, 302. (2) The plaintiff's first and second instructions were erroneous, in that they imposed the duty upon the defendant of discharging the plaintiff from the cars, in addition to the duty of stopping the train at the platform. Hanks v. Railroad, 60 Mo. App. 274, 281; Yarnell v. Railroad, 113 Mo. 570-577; Hurt v. Railroad, 94 Mo. 255, 262; Culberson v. Railroad, 50 Mo. App. 556-561; Straus v. Railroad, 75 Mo. 185; Sevier v. Railroad, 18 A. & E. R. R. Cas. 245. (3) Instruction 2 on the part of plaintiff was erroneous in assuming

that there was evidence of fright and over-exertion, and also in authorizing a finding that plaintiff was made sick when there was no proof of such facts.    Duke v. Railroad, 99 Mo. 347; Norton v. Railway, 40 Mo. App. 642; Culberson v. Railway, 50 Mo. App. 556; Mammerberg v. Railway, 62 Mo. App. 563; State ex rel. v. Hope, 102 Mo. 410.    (4)    The verdict was excessive.    (5)    The demurrer to the evidence should have been sustained.

WM. D. HAMILTON and BOYD DUDLEY for respondent.

(1)    The sickness of plaintiff resulting from exposure and over-exertion in walking back to the station carrying her children and baggage is certainly a physical injury.    Spry v. Railway, 73 Mo. App. 203; Taylor v. Railway, 38 S. W. Rep. 304; s. c., 42 L. R. A. 110; Railway v. Biddle, 34 S. W. Rep. (Ky.) 904.    (2)    The jury properly found under the evidence that defendant's wrongful conduct was the proximate cause of plaintiff's exposure and consequent sickness.    Spry case, *supra;* Winkler v. Railway, 21 Mo. App. 99; Railway v. Hartnett, 34 S. W. Rep. (Tex.) 1057; Railway v. Biddle, 34 S. W. Rep. 904; Evans v. Railway, 11 Mo. App. 463; Brown v. Railway, 11 N. W. Rep. (Wis.) 356.    (3)    It is the duty of a railroad company, under its contract, not only to carry the passenger safely but to furnish him a reasonably safe place to alight, and an action accrues to the passenger for injuries resulting from a failure to furnish such place; and whether such place is reasonably safe is a question for the jury.    Talbot v. Railway, 72 Mo. App. 291; Hutchison on Carriers, sec. 648; Cartwright v. Railway, 52 Mich. 606; Railway v. McLane, 32 S. W. Rep. 776.    (4)    There is ample evidence to sustain plaintiff's second instruction.    There is no merit in appellant's contention that there is no proof.    It is sufficient to say that the illness took place immediately upon being subjected to the

exposure. Spry v. Railway, 73 Mo. App. 213. The facts for the jury. Taylor case, *supra*. (5) The verdict was not excessive. Railway v. Hartnett, 34 S. W. Rep. (Tex.) 1057; Parsons v. Railway, 94 Mo. 286. Defendant is liable for the wrongful acts of its agents. Kelly v. Railway, 70 Mo. 604, 609; Parsons v. Railway, 94 Mo. 286; Perkins v. Railway, 55 Mo. 201; Meade v. Railway, 68 Mo. App. 92, 103; Canfield v. Railway, 59 Mo. App. 354. (6) Plaintiff did right in not trying to get off at a dark, dangerous or improper place. She did right in not trying to go through the next car, for had she done so, and received an injury, the defendant would have set up a defense on "no liability" because she disobeyed the instructions of its agents. Talbot v. Railway, 72 Mo. App. 297; Hutchison on Carriers, 648; Cartwright v. Railway, 52 Mich. 606; Railway v. McLane, 32 S. W. Rep. 776.

SMITH, P. J.—The plaintiff purchased of the defendant a ticket entitling her to passage over the latter's line from Weatherby to Gallatin Junction. The petition alleges that when the train on which plaintiff took passage arrived at Gallatin Junction, the defendant neglected to announce the fact and neglected to stop its said train thereat, so as to enable her to get off, but negligently carried her by said station the distance of half a mile, when, against her protestations, she was forcibly put off the defendant's train, from where, through the darkness, she was compelled to walk back on defendant's railway track and over a long and dangerous trestle; by reason of being so carried by said station and put off said train in said darkness and having to cross said dangerous trestle and walk back to said station she was greatly frightened and worried and overtaxed, and thereby made sick and confined to her bed for a period of two weeks and was caused great mental and physical suffering and was thereby greatly humiliated, to her damage, etc.

There was a trial and judgment in favor of plaintiff for $500, and from which the defendant appealed. The principal ground upon which the defendant by its appeal assails the judgment is that the trial court erred in its action in the giving and refusing of instructions.

The law is quite well settled in this state to the effect that it is the duty of a carrier to stop long enough at its stations to enable its passengers, by the use of ordinary care and diligence, to enter or leave its cars. Hanks v. Railway, 60 Mo. App. 274; Culberson v. Railway, 50 Mo. App. 556; Straus v. Railway, 75 Mo. 185; Smith v. Railway, 108 Mo. 243. It is not ordinarily the duty of the employees of the carrier to assist its passengers in entering or leaving its cars. If the egress or ingress is easy assistance can not be claimed by the passenger as a matter of right. Yarnell v. Railway, 113 Mo. 570; Hanks v. Railway, *ante*. But if the passenger is sick, infirm, blind, or aged, and known to the carrier to be so, he is entitled to more care and attention than one who is under no such disability as to the time allowed or the assistance to be rendered in entering or leaving the carrier's train. Hanks v. Railway, *ante,* and authorities there cited.

*PASSENGER carriers: stopping at station: assistance to passenger.*

No fact is alleged or shown by the evidence bringing the plaintiff within any one of the exceptions just mentioned. The implied duty which the defendant owed the plaintiff was no more than that required of carriers by the general rule in relation to the assistance to be given passengers in entering or leaving a train. The defendant was under no duty to plaintiff to discharge her safely at the platform of the station at the end of the transit. It was only required to stop its train at the station where the plaintiff's transit ended a sufficient length of time to enable plaintiff, by the use of ordinary care and diligence, to leave the same.

The court in its first instruction given at the request of the plaintiff told the jury that if the plaintiff purchased a

ticket of defendant entitling her to passage on
—: —: —: in- defendant's train from Weatherby to Gallatin
struction. Junction, then it became defendant's duty to
well and safely carry her from the former to the latter of said
stations and *"to discharge her safely at the platform"* or at
*"some other reasonably safe place"* at such latter station.
The italicized words of this instruction were misleading. The
jury might very well have thought, and no doubt did think,
that it was the duty of the defendant's employees, in charge
of the train on which the plaintiff took passage, to assist her
with her children and valises in leaving the train, when the
law imposed no such duty. The jury may have concluded
that the injuries complained of were the result of a breach by
defendant of this duty.

It follows from these observations that the plaintiff's sec-
ond instruction, which told the jury, amongst other things,
that if the defendant failed to stop at the station of plaintiff's
destination and to discharge her safely, etc., there was liabil-
ity, was likewise erroneous in expression.

The defendant further objects that the plaintiff's second
and third instructions authorized the jury, in assessing the plain-
tiff's actual damages, to take into consideration
—: damages: the elements of "mental suffering," fright, etc.
mental suffering. These elements of damage are included in the
claim made by the plaintiff in her petition. Whether fright
is a mental condition or a condition of the nerves superin-
duced by that of the mind we need not stop to inquire. There
was no evidence adduced tending to prove that the plaintiff
suffered any physical injury at the hands of the defendant's
employees. The term "physical injury" is the synonym of
"bodily harm" or "bodily hurt." There must be some tor-
tious act on the part of the employees of the defendant by
which the physical injury is occasioned, in order to justify
damages for mental suffering and fright. It is held here and
elsewhere that there can be no recovery in any case of mental

distress or fright resulting from negligence where there is no bodily injury contemporaneous therewith.    The general rule is that mental anguish when connected with bodily injury is the subject of damages, but it must be so connected in order to be included in the estimate of damages, unless the injury is accompanied by circumstances of malice, insult or inhumanity.    Trigg v. Railway, 74 Mo. 147; Connell v. Telegraph Co., 116 Mo. 34; Strange v. Railway, 61 Mo. App. 587; Am. and Eng. Ency. of Law [2 Ed.], 666 and cases cited in note 1.

It is true the evidence tends to prove that the plaintiff's sickness was the result of the fright, worry and over-taxation of strength occasioned by the defendant's negligence, but this was not a contemporaneous physical injury within the meaning of the rule allowing damages for fright and mental suffering, when connected with a physical injury.    None of the cases to which the plaintiff refers lend support to her contention that sickness so resulting is a "physical injury" within the meaning of the rule of liability just referred to.    There is nothing shown by the evidence in the case to justify the court in instructing the jury that if they found for plaintiff they might allow her damages for mental suffering and fright, and in so doing it committed error.

In respect to the defendant's instruction in the nature of a demurrer, it is needless to say that the evidence disclosed by the record was ample to make out a *prima facie* case entitling the plaintiff to a submission to the jury. ——: stopping at station: action: damages. If the defendant did not stop its train at the station of plaintiff's destination, or if, in doing so, it did not stop a sufficient length of time to afford plaintiff a reasonable opportunity to leave the same, or if it stopped the car, in which plaintiff took passage, at a place where it was dangerous or inconvenient for her to leave the car, defendant was guilty of such a breach of duty as to render it liable for any damages resulting to the plaintiff therefrom.    Eichorn v. Railway, 130 Mo. 575.    If the testimony of plaintiff is to be

believed she is certainly entitled to recover the amount of damages awarded to her by the jury in the case. The amount is not excessive.

On account of the error of the court in giving the plaintiff's instruction we must reverse the judgment and remand the cause. All concur.