HENRIETTA MEYER, Respondent, *v.* THE PACIFIC RAILROAD COMPANY, Appellant.

1. *Practice, civil — Trial — Instructions — Evidence.*—In trials at law, the Supreme Court will not weigh conflicting evidence.
2. *Practice, civil — Trial — Instructions — Singling out specific acts, etc., not permissible.*—The practice of singling out in instructions specific acts, and asking the court to say, as a matter of law, that if those acts were established there could be no recovery, is not permissible.

*Appeal from St. Louis Circuit Court.*

*Woerner & Kehr,* for respondent.

*Van Wagoner* and *Dickson,* for appellant.

WAGNER, Judge, delivered the opinion of the court.

When this case was before this court on a previous occasion the judgment was reversed because the Circuit Court, upon the trial, undertook to single out a certain fact, and instruct the jury that it amounted to negligence, without regard to other facts and circumstances. (See Meyer v. Pacific R.R. Co., 40 Mo. 151)

Upon a re-trial the whole question of negligence on the part of the employees of the defendant, and contributory negligence on the part of the deceased, was submitted to the jury. The evidence was conflicting, but it is not for this court to say that the jury erred. It was for them to compare and judge of its

weight. The instructions given at the instance of both parties, when taken together, constitute a full, complete, and just presentation of the law.

It is insisted, however, that the court erred in refusing certain instructions asked for by the defendant. But in this view we do not concur. The instructions previously given fully covered the whole case, and there was no necessity for additional ones. Besides, the instructions refused, except what was comprehended in the previous ones, were wrong in themselves. They singled out certain specific acts, and asked the court to say, as matter of law, that if these acts were established there could be no recovery. This court has so often held that such a course of practice is not permissible, that it is unnecessary to further pursue the subject.

Judgment affirmed. The other judges concur.