JOHN WORHEIDE, Respondent, v. MISSOURI CAR &
FOUNDRY COMPANY, Appellant.

St. Louis Court of Appeals, November 13, 1888.

Damages: DANGEROUS MECHANICAL APPLIANCE. An employer is not
liable for injuries resulting from an improper use of mechanical
appliances by a fellow-servant of the plaintiff, when such appli-
ances are of the ordinary construction, and such as are in common
use in all similar establishments.

| 32 | 367 |
| 56 | 449 |
| 32 | 367 |
| 58 | 631 |

*Appeal from the St. Louis City Circuit Court.* — HON.
DANIEL DILLON, Judge.

REVERSED.

*Dyer, Lee & Ellis,* for the appellant.

The court should have taken the case from the jury
and given either an instruction for nonsuit at the end of
the plaintiff's case, or an instruction to find for defend-
ant at the close of the evidence, because the trusses
were of simple construction and necessarily safe if used
with ordinary care ; and also, because however built,
they were open to the observation, and within the daily
view of the plaintiff, and, therefore, were not within the
scope and meaning of the rule, applicable to complicated
machinery, which requires the employer to furnish the
employe with safe machinery or appliances. *Marsh v.
Chickering,* 101 N. Y. 396 ; *Berlin v. Envelope Co.,* 5
N. E. Rep. 58 ; *Powers v. Railroad,* 98 N. Y. 280 ;
*Burke v. Wilhervee,* 98 N. Y. 562 ; Shear. Redf. on Neg.
sec. 92 ; *Smith v. Railroad,* 69 Mo. 32 ; *Cagney v. Rail-
road,* 69 Mo. 416 ; *Naylor v. Railroad,* 11 N. W. Rep.
24 ; *Lopez v. Mining Co.,* 2 Pac. Rep. 748 ; *Stafford v.
Railroad,* 2 N. E. Rep. 185 ; *Porter v. Railroad,* 71 Mo.
66 ; *Covey v. Railroad,* 27 Mo. App. 170.

*C. P. & J. D. Johnson*, for the respondent.

If a master, through a failure to exercise ordinary care, furnishes a defective machine to be used in the prosecution of his work, and his servant, ignorant of such fact, and otherwise without fault, is injured thereby, the master is liable to the servant for damages. *Gibson v. Railroad*, 46 Mo. 163; *Dale v. Railroad*, 63 Mo. 455; *Waldhier v. Railroad*, 87 Mo. 48.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action by the servant against his master to recover damages for personal injuries caused to the former by the latter's failure to provide appliances which were reasonably safe for their intended use. The defendant is the owner of extensive car-shops in this city, and the plaintiff, a mechanic of many years experience, who was at the date of the accident, in charge of running a rip-saw in close proximity of the appliances alleged to be defective. The accident was caused by the tipping over endways of two trestles, on which heavy timbers were piled, in consequence whereof the timbers slid and struck plaintiff's leg, inflicting permanent injuries. There was a verdict for plaintiff.

The negligence on the master's part, which is claimed to have given rise to the action, is thus stated in the petition : "That said trusses were each about eight feet long and twelve inches high, made of single timbers to each of which were attached four legs ; that the end of the timbers of each truss projected over the legs thereof fifteen inches more or less, and the said legs were attached thereto in such manner as to admit of said trusses being upset endways by the piling of lumber or timber thereon outside of said legs ; that said trusses thus constructed were used by placing them parallel to each other, and the necessary distance apart, and by placing or piling thereon timbers or lumber, such as is used by defendant in its said factory ;" and again, "that the said trusses upset by reason of their said defective and dangerous construction and condition, and of the said negligence

of the defendant, by and through its agent and vice-principal, in directing and permitting the same to be used in the manner and for the purposes aforesaid." There was no charge of any other negligence on the part of the defendant or agent or vice-principal, except such as could be inferred from the construction of the trusses hereinabove stated, and that "it permitted the trusses thus constructed to be used in the manner and for purposes aforesaid."

The defendant's answer was a general denial and the plea of contributory negligence.

At the close of the plaintiff's case, as well as at the close of the entire testimony, the defendant asked an instruction in the nature of a demurrer to the evidence, which the court refused, and the main error complained of is this action of the court.

While the plaintiff's petition states these defective appliances to have been trusses, the uncontradicted evidence, as well as the exhibition of one of the identical appliances, both on the trial of the case below and upon the hearing in this court, shows them to have been ordinary trestles of the simplest construction, known in vulgar parlance as "horses," an appliance of universal use in almost every mechanical trade, and differing from ordinary mechanical horses in this particular only, that they were constructed of heavier timbers, more securely bolted and having their legs partly counter-sunk in the cross beam. There was no evidence that they were constructed in any different manner from which similar appliances used in similar factories are constructed all over the land; the evidence on that subject so far as it went was all to the contrary. One of plaintiff's witnesses stated the legs of one or both of the trestles inclined slightly inward, about one inch in their entire length but this fact was not only contradicted by other witnesses, but contradicted by the exhibition of the trestle, and by the fact that the legs were counter-sunk at right angles, and did not reasonably admit of that disturbance.

VOL. xxxii—24

The uncontradicted evidence further showed that the plaintiff was a mechanic of many years experience, that for six weeks he worked in close proximity of these trestles which were stationary and always remained in the same place, being separated from them only by a passageway of three feet ; that they were loaded and unloaded several times daily, and that both when loaded and unloaded they were in his full view.

The immediate cause of the accident was admittedly the shifting of the center of gravity in unloading the trestles, by leaving the load of timbers resting on the end nearest to the plaintiff undisturbed while the residue from other parts of the trestle were removed.

These being the admitted facts, we cannot see on what principle applicable to this class of cases, a submission of the plaintiff's case to the jury was justified. That the accident would not have happened if the legs of the trestle, instead of being fastened nine or twelve inches from the end, had been fastened at the end of the cross-beams, or that it would not have happened if the legs instead of being perpendicular had slanted from the point of their junction with the cross-beam outwardly towards the end may readily be conceded. That in fact is a mechanical axiom with which every intelligent child is familiar, because it is determined by the most elementary rules of leverage and gravitation, and with which a mechanic of many years experience must be conclusively presumed to be familiar. " Cases will arise," says BLACK, J., in *Waldhier v. Railroad*, 87 Mo. 46, " where the defect is so glaring and obvious that a simple knowledge of the defect ought to be regarded as sufficient proof of knowledge of the dangers arising therefrom." Conceding therefore, for argument's sake, that there was some defect in the construction of these trestles, that defect was so glaring and obvious that the master on no principle of law could be considered to have a superior knowledge of it to that of the servant, hence any liability of the master based on that proposition is necessarily negatived.

But we think the main element in the case is

equally fatal to plaintiff's recovery. We fail to see any evidence in the record that the appliance was not reasonably safe for the purpose for which it was intended. The evidence is conclusive that the trestle was one of usual construction, sound in all its parts, and that the accident was due to the unskilful removal of the weight upon the trestle. That it was owing, not to plaintiff's negligence, but to that of a fellow-servant, can make no possible difference, as the master is not an insurer either of the absolute safety of appliances furnished, nor of the care used in their handling by the co-employes of the servant.

The trial court in submitting the case to the jury seems to have taken the view, that whether the appliances were reasonably safe for the purpose intended was a question of fact for their determination, and that evidence that they could have been made safer, was evidence that they were not reasonably safe. This view is erroneous, and in direct conflict with the views of the supreme court in *Smith v. Railroad*, 69 Mo. 37, 38. Human ingenuity can hardly devise any appliance which is so safe that it could not be made still more secure by additional safeguards. A master is under no obligation to reject all the utensils and machinery employed by him at once because perchance others are employing utensils and machinery safer in construction. Much less is he required to do so when, as in this case, it is shown that similar appliances are used in similar establishments, and the plaintiff fails to show what other and better appliances are in common use.

Entertaining these views we must conclude that, under the conceded facts, the plaintiff is not entitled to recover, and that the judgment of the trial court must be reversed. So ordered. All concur.