| 56 | 443 |
| 68 | 388 |
| 56 | 443 |
| 72 | 258 |
| 56 | 443 |
| f80 | 369 |
| 56 | 443 |
| 100 | ²561 |

WILLIAM BERNING, Respondent, v. WILLIAM MEDART *et al.*, Appellants.

St. Louis Court of Appeals, February 13, 1894.

1. **Master and Servant:** RISKS ASSUMED BY THE LATTER. A servant assumes the risk of injury from the condition of things under which he labors, when such condition of things is known to him and the danger arising from it is obvious.

2. ———: DUTY OF MASTER IN REGARD TO APPLIANCES. *Held*, in the course of discussion, that the master is not bound to furnish to the servant the appliances which are known to be the best of their kind, but only such as are reasonably safe for the purposes intended; also, that evidence that an appliance could have been safer than it was does not establish that it was not reasonably safe.

3. **Practice, Appellate:** REMANDING OF CAUSES. A cause will not, on reversal of a judgment therein, be remanded for retrial when the evidence in it does not furnish a substantial ground for recovery, and it does not clearly appear that some hiatus therein is likely to be supplied on a retrial.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

REVERSED.

*P. Taylor Bryan* for appellants.

(1) Where a servant seeks to recover damages from his master for injuries received from the bursting of an emery wheel, and bases his right to recover on the ground that the master was guilty of negligence in not providing a safe wheel and in not guarding the same properly, evidence that there was a different kind of emery wheel used in other departments of the master's establishment is incompetent, immaterial and irrelevant. The same statement is true of the evidence that different kinds of guards were in use in other parts of the establishment. *Sullivan v. India Mfg. Company*, 113 Mass. 396. Evidence that another kind of emery wheel did not burst was also irrelevant, immaterial and incompetent. *Tabler v. Railroad*, 93 Mo. 79; *Muirhead v. Railroad*, 19 Mo. App. 634; *Conway v. Railroad*, 24 Mo. App. 235. (2) Evidence that the plaintiff was a married man was irrelevant and incompetent. *Mahaney v. Railroad*, 108 Mo. 191; *Dayharsh v. Railroad*, 103 Mo. 570; *Stephens v. Railroad*, 96 Mo. 207; *Railroad v. Roy*, 102 U. S. 451. (3) The court should have admitted the evidence offered by the defendant as to the standing in trade of the persons from whom the emery wheel in question was purchased by the defendants. Cooley on Torts [2 Ed.], 657; 658; Wood's Law of Master and Servant [2 Ed.], secs. 409, 410; *Devlin v. Smith*, 80 N. Y. 470. (4) The instruction for nonsuit offered at the close of the plaintiff's case and again at the close of the entire case should have been given.

There was absolutely no evidence that the emery wheel was defective, or that it was run at too high a rate of speed; and, though it is true there was no guard around the emery wheel, yet, since the plaintiff's own testimony shows that he was fully aware of this when he entered upon his employment, and that he had sufficient intelligence and knowledge to appreciate the danger arising from the use of the emery wheel under such circumstances, he must be held to have made his contract with reference to such state of affairs, and to have assumed all dangers incident to the using of the emery wheel without a guard. *Fugler v. Bothe,* 22 S. W. Rep. 1113; *Moore v. Wire Mill Co.,* 55 Mo. App. 491; *Watson v. Kansas & Texas Coal Co.,* 52 Mo. App. 366; *Ring v. Railroad,* 112 Mo. 220; *Sullivan v. India Mfg. Co.,* 113 Mass. 396; *Anderson v. Clark,* 155 Mass. 368; *Kern v. De Castro, etc., Co.,* 125 N. Y. 50; Wood's Law of Master and Servant [2 Ed.], secs. 351, 375; Cooley on Torts [2 Ed.], p. 651, and cases cited.

*Lubke & Muench* for respondent.

ROMBAUER, P. J.—The plaintiff recovered a judgment for $500 damages, alleged to have been caused to him by the bursting of an emery wheel while he was in the defendant's employ as a laborer, and was grinding a pulley on such wheel under the defendant's orders. The plaintiff suffered serious injuries, and there was some evidence that they were permanent in their character. It must be conceded that, if the plaintiff is entitled to recover at all, the amount of recovery is fully warranted by the evidence.

The defendant, who appeals, contends that the plaintiff is not entitled to recover upon his own showing; that the court admitted irrelevant evidence offered

by the plaintiff, the admission of which was prejudicial to defendant, and excluded relevant evidence offered by the defendant; also that the court erred in refusing some of defendant's instructions, and giving instructions of its own motion.

The negligence charged in the petition was three-fold: *First*, that the wheel was of inferior quality and cheap grade; *second*, that the same was run at to great a speed; *third*, that it was not guarded sufficiently so as to prevent pieces of the bursting wheel from striking the plaintiff. The plaintiff concedes that of the first two charges of negligence he gave no substantial evidence, but he claims he was entitled to go to the jury on the last charge, namely, that the wheel was insufficiently guarded to prevent the injury to operatives by accidents of this character. The plaintiff's instruction put the case to the jury on the third ground of negligence alone.

Touching the following facts there is no substantial controversy. The plaintiff is a man of mature age, and has been working about emery wheels from seven to eight years. He knew that owing to various causes these wheels are apt to burst when being used, and had seen a number of them burst. He worked in the defendant's establishment for about one year first, and then left and returned. When first employed, he worked at some emery wheels downstairs, which were used for grinding spiders with a hand rest. In grinding these, the face of the wheel only is employed. The emery wheels used downstairs have a cap or guard made of sheet iron, five-eights to three-fourths inches thick, over the back of the wheel about one inch. The wheels upstairs are used for free-hand grinding, and the plaintiff at the time of the accident was using the wheel for grinding the inside of a pulley, for which work other parts of the wheel have to be used. The

plaintiff had seen several of the wheels burst down-stairs, but no one was injured by the bursting, the sheet iron furnishing a sufficient protection. The wheels upstairs have the same guard as those down stairs, except that they are only from one-fourth to one-eight of an inch thick. When the wheel exploded the plaintiff was injured, but he could not tell whether the guard was broken or not, as he did not see the guard then or afterwards. The plaintiff himself testi-fied that he saw no reason why the guard on the wheel upstairs was not made of as thick sheet iron as the guards on the wheels downstairs, and that he could have used the wheel as well with a heavy as with a light guard. One of his witnesses, however, testified that in free grinding all portions of the wheel have to be used, and that it interferes with the work to some extent if a guard is put upon it. The same witness also testified that pasteboard guards and thin steel guards do not interfere with the work, because they give when the pulley is put against them.

Another witness for the plaintiff testified that the guards on the upper wheels were bolted on the same way as the guards on the lower wheels, and extended about half way to the top. As above said, there was no evidence that this wheel was of inferior quality. One of plaintiff's witnesses testified that it was a Norton wheel, which was the best of its kind in use. The plaintiff did not know whether or not the wheel had been tested before it was put on, but the defend-ant's witnesses gave uncontroverted evidence that it was tested and found perfectly sound; and one of the plaintiff's own witnesses testified that the wheel was a new wheel, and had only been put on that day, or the day preceding. The defendant's theory of the accident was that the bursting of the wheel was caused by the plaintiff's own negligence, by bringing the pulley,

which he was grinding, into a violent contact with the wheel. This theory was submitted to the jury under the plea of contributory negligence.

This being, in substance, all the evidence bearing upon the matter, we must conclude that there was error in the submission of the cause to the jury. Several undisputed facts necessarily lead to this result. This case is not one of a hidden danger, but one which must have been obvious to the plaintiff. He was a man of mature age, and of many years experience in this kind of work. He knew the danger which arose from the bursting of emery wheels, and saw the guards which the defendant had provided against that danger. He voluntarily undertook the work. Thus far we can not see how the case differs in its facts from *Fugler v. Bothe*, 43 Mo. App. 44. There is no evidence that these guards were not sufficiently fastened, but only that they were of thinner sheet iron than those of the emery wheels used downstairs, and for this difference some of the plaintiff's witnesses account satisfactorily. That this difference in the thickness of the guards was the cause of the accident, rests upon bare conjecture. There is absolutely no evidence that the thickness of the sheet iron had anything to do with the accident. It is shown by the defendant's evidence that the sheet iron guard was bent, but it nowhere appears that this bending in any way resulted in an injury to the plaintiff. In that respect the case is similar to that of *Breen v. St. Louis Cooperage Co.*, 50 Mo. App. 202, although still weaker for the plaintiff on the facts shown.

In *Anderson v. Clark*, 155 Mass. 368, the decisions in that state on this subject are fully reviewed, and the rule is thus stated: "A person can not be said to take a risk, unless he knows not only the conditions of things but also that danger exists in such condition. If, however, the danger is obvious, knowledge of the

condition of things need only be shown." We conceive that to be the law of this state likewise.

Nor do we find any substantial evidence in this record of the defendant's negligence. It is not shown that emery wheels used for *free-hand work* are used by other people who use ordinary care, or as for that matter extraordinary care, with other guards than those employed by the defendant. It is shown that the defendant uses other and heavier guards on its emery wheels *used for other kind of work*, but it appears by the plaintiff's own evidence that a satisfactory reason for this difference in the guards exists. There is some evidence that wheels of this kind are manufactured with a wire netting, which prevents their bursting; but conceding that such wheels are better, which is denied by the defendant's evidence, it is nowhere shown that they are in common use. The master in the performance of his duty to the servant is not bound to furnish appliances which are known to be the best (*Kern v. De Castro Refining Co.*, 125 N. Y. 54), but such only as are reasonable safe for the purpose intended. Evidence that the appliance could have been safer is no evidence that it was not reasonably safe. *Smith v. Railroad*, 69 Mo. 37; *Worheide v. Missouri Car Co.*, 32 Mo. App. 367, 371. The admission of the evidence as to the wheel with a wire netting, without a showing that it was in common use, was erroneous and prejudicial to the defendant. This evidence, with the further evidence, erroneously admitted that the plaintiff had a family, and the evidence adroitly elicited by the plaintiff's counsel that the defendant was fully insured against accidents to its laborers, had unquestionably much to do with bringing about a verdict unsupported by substantial evidence, and opposed to the instructions of the court.

The supreme court and this court have recently

adopted the rule not to remand a cause for new trial where the plaintiff's evidence furnishes no substantial ground of recovery, unless it clearly appears that some hiatus in plaintiff's evidence may likely be supplied on a retrial of the cause in conformity with the true state of the facts. As the reversal of a judgment for plaintiff is equivalent to a nonsuit only, and the plaintiff is still at liberty to substantiate his recovery in a new action, if so advised, the rule works no hardship.

As the case will not be remanded, we do not feel called upon to enter in detail on the examination of objections touching the instructions given by the court of its own motion, and excepted to, but will simply remark that the first instruction is faulty in first telling the jury that, although the plaintiff knew that the emery wheel was not supplied with a guard, and thereby assumed the risk incident to working about it, yet they might find for plaintiff if they further believe that the defendant carelessly and negligently failed to guard said wheel. No negligence can be predicated on a defect equally obvious to the master and servant. The qualification of the instruction by its last clause was wholly unwarranted.

All the judges concurring, the judgment is reversed.