E. M. SAXTON, Appellant and Defendant in Error, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Respondent and Plaintiff in Error.

Kansas City Court of Appeals, March 2, 1903.

1. **Passenger Carriers:** ASSISTING DEPARTING PASSENGER: NOTICE: NEGLIGENCE. It is not negligence for a railway to start its train before a person who has entered to assist a departing passenger has had time to alight therefrom, unless he has communicated this fact to the servant in charge thereof.

2. ——: ——: ——:.——: INSTRUCTION. An instruction relating to knowledge that plaintiff was entering the car to assist a departing passenger is condemned since it singles, out specific facts with undue prominence, and does not submit all the facts to the jury's consideration.

3. **Pleading:** INTERPRETATION: UNCERTAINTY: CODE: COMMON LAW: VERDICT. A pleader is no more allowed under the code than at common law to insert doubtful and uncertain allegations, thus throwing upon his adversary the hazard of correctly interpreting the meaning thereof; but after the verdict a petition can not be strictly construed against the pleader, but should be liberally construed with a view to substantial justice.

4. **Negligence:** PROXIMATE CAUSE: ACCIDENT. The proximate cause is the one which in the natural and continuous sequence unbroken by an intervening cause produces the injury and without which the result would not have happened; and it is not enough that the injury is the natural consequence of the negligence, it must be also the probable consequence which might have been foreseen by a man of ordinary prudence.

5. ——: PLEADING: PASSENGER CARRIER: ALIGHTING FROM TRAIN. A petition to recover damages for carelessly starting a train while a person was alighting from the car is held insufficient, since the failure to hold the train is not the proximate cause of the alleged injury.

6. ——: ——: ——: USUAL COURSE. A petition alleging that the train jerked suddenly and quickly with great force, etc., is held insufficient, since it is not alleged that such jerk was extraordinary.

7. ——: USUAL COURSE: ACCIDENT. Negligence can not be presumed when nothing is done out of the usual course unless the

course is improper, and an unusual occurrence is not even inferentially the result of an unusual act where the defendant has been pursuing his usual course, which hitherto had been done in safety, and such unusual occurrence is called an accident.

Appeal- from Cass Circuit Court.—*Hon. W. L. Jarrott, Judge.*

AFFIRMED.

*·Jas. T. Burney* and *A. A. Whitsitt,* for appellant.

(1) Instruction C was vicious and was properly refused at the trial. The granting of a new trial because of such refusal was error. Chappell v. Allen, 38 Mo. 213; Raysdon v. Trumbo, 52 Mo. 35; Siegrist v. Arnot, 10 Mo. App. 197; Ehrlich v. Ins. Co., 15 Mo. App. 579; Clay v. Railroad, 17 Mo. App. 629; State v. Holmes, 17 Mo. 379; Shaffner v. Leahy, 21 Mo. App. 110; Weil v. Schwartz, 21 Mo. App. 372; Hackman v. Maguire, 20 Mo. App. 286; Judd v. Railroad, 23 Mo. App. 56; Bank v. Metcalf, 29 Mo. App. 384; McClure v. Ritchey, 30 Mo. App. 445; Ackley v. Railroad, 30 Mo. App. 657; Copp v. Hardy, 32 Mo. App. 588; Compton v. Baker, 34 Mo. App. 133; Woolen Mills v. Meyers, 43 Mo. App. 124; Steinwender v. Creath, 44 Mo. App. 356; Dobbs v. Cates, 60 Mo. App. 658; Chaney v. Ins. Co., 62 Mo. App. 45; Noyes v. Cunningham, 51 Mo. App. 194; Bowlin v. Creel, 63 Mo. App. 229; Bank v. Murdock, 62 Mo. 70; Mead v. Brotherton, 30 Mo. 201; Meyer v. Railroad, 40 Mo. 151; Kendig v. Railroad, 79 Mo. 207; Choteau v. Iron Works, 83 Mo. 73; Barr v. Kansas City, 105 Mo. 550; State v. Cantlin, 118 Mo. 100; Kaiser v. Ins. Co., 7 Mo. App. 197; Rose v. Spies, 44 Mo. 20; Bank v. Currie, 44 Mo. 91; Meyer v. Railway, 45 Mo. 137; Spohn v. Railway, 87 Mo. 74; Railway v. Stock Yards, 120 Mo. 541; State v. Williams, 136 Mo. 293; Jones v. Jones, 57 Mo. 138; Smith v. State, 53 Mo. 267.  (2)  Every fact must be conceded in plaintiff's behalf, which his evidence tends reasonably to es-

tablish. Cherry v. Railroad, 52 Mo. App. 499; Field v. Railway, 46 Mo. App. 449; Frank v. St. Louis, 110 Mo. 516; Patton v. Bragg, 113 Mo. 595; Thomas v. Railroad, 30 Mo. App. 86; Zwisler v. Storts, 30 Mo. App. 163; Culverhouse v. Worts, 32 Mo. App. 419; Twohey v. Fruin, 96 Mo. 104; Alcorn v. Railroad, 108 Mo. 81; Buck v. Railway, 108 Mo. 179; Brown v. Kimmell, 67 Mo. 430; Kelly v. Railroad, 70 Mo. 604; Baum v. Fryrear, 85 Mo. 151; Sage v. Reeve, 17 Mo. App. 210; Peck v. Railroad, 31 Mo. App. 123; Smith v. Tel. Co. 57 Mo. App. 259. (3) The practice of singling out in instructions specific acts, and asking the court to say as a matter of law that if these acts were established there could be no recovery, is not permissible. Meyer v. Railroad, 45 Mo. 137; Judd v. Railroad, 23 Mo. App. 61; McF'adin v. Catron, 120 Mo. 252; Kennedy v. Railroad, 79 Mo. 207; Hayden v. Parsons, 70 Mo. App. 493; State v. Valle, 164 Mo. 530. (4) A trial court has no right to direct a jury, what inferences are to be drawn from certain facts. Izler v. Railroad, 35 S. E. 583. (5) Instructions which undertake to inform the jury that certain facts are not conclusive evidence of one of the ultimate facts in issue, are erroneous. Railroad v. Lamson, 90 Ills. App. 18. One is not entitled to an instruction separating part of the evidence from the rest. Harris v. City of Ansonia, 73 Conn. 359.

*R. T. Railey* for respondent.

(1) The petition, in the clearest manner possible, in direct terms, charges that our alleged negligence in failing to hold the train until the plaintiff got off, was not the proximate cause of plaintiff's injuries. Henry v. Railway, 76 Mo. 293; Mathiason v. Mayer, 90 Mo. 585. (2) The rule in this State, is now well settled, that pleadings shall be strictly construed against the pleader. Snyder v. Free, 114 Mo. 367; Overton v. Overton, 131 Mo. 566; Young v. Schofield, 132 Mo. 661; Boles

v. Bennington, 136 Mo. 529; Leete v. Bank, 141 Mo. 581; Sidway v. M. L. & L. S. Co., 163 Mo. 372. (3) It is equally as well settled in this State, that plaintiff is bound by the allegations of his petition. Bruce v. Sims, 34 Mo. 251; Speck v. Riggin, 40 Mo. 406; Bank v. Armstrong, 62 Mo. 65; Chapman v. Callahan, 66 Mo. 312; Donnan v. Pub. Co., 70 Mo. 175; Kuhn v. Weil, 73 Mo. 215; Weil v. Posten, 77 Mo. 287; Wilson v. Albert, 89 Mo. 546; Bensieck v. Cook, 110 Mo. 182. (4) It is now likewise thoroughly settled in this jurisdiction, that where the petition charges general negligence, which is followed—as in this case—by a specific charge of negligence, alleged to have been the proximate cause of injury, plaintiff, in his proof, should be confined to such specific charge alone. Waldhier v. Railway, 71 Mo. 518; Hite v. Railway, 130 Mo. 136; McManamee v. Railway, 135 Mo. 447; Huston v. Tyler, 140 Mo. 263; McCarty v. Hotel Co., 144 Mo. 402; Chitty v. Railway, 148 Mo. 74; Bartley v. Railway, 148 Mo. 139; Feary v. Railway, 162 Mo. 96; Pryor v. Railway, 85 Mo. App. 378.

SMITH, P. J.—The plaintiff, a man far advanced in years, his age being three score and twelve, who was presumably under some physical disability, for he was a pensioner of the United States, on July 14, 1896, accompanied by his daughter-in-law and her infant child came from Louisburg, in the State of Kansas, to Harrisonville, in this State, where the latter intended to take passage on defendant's Joplin train for Webb City. Plaintiff purchased a ticket entitling his daughter-in-law to passage on said train to the last named station. On the arrival of the train at Harrisonville he accompanied her into the chair car and there remained until the train started, and while it was yet moving very slowly he undertook to step off and in doing so fell upon the platform in such a way that one of the wheels of a car passed over his foot and crushed it so that amputa-

tion became necessary.   A few days before the expiration of the three-years period of limitation he brought this action.

There was a trial to a jury which resulted in a verdict for plaintiff.   The defendant filed a motion to set aside the verdict, urging a number of grounds therefor, amongst which was one to the effect that the court erred in refusing defendant's instruction C, which was as follows:

"Although Mrs. Saxton, at the time she got upon the platform of defendant's rear coach, may have said: 'Father, are you going home this evening?' and although he may have said, 'Yes,' yet you are instructed, that there was nothing in said conversation, to impart notice to the defendant's brakeman, that plaintiff was not going to take passage upon said train, or that he intended to seat his daughter-in-law, and return after so doing."   The court sustained the motion on that ground and ordered the verdict to be set aside.   From this order the plaintiff appealed.   The other grounds of the motion were by the court denied and to obtain a review of this action of the court the defendant sued out a writ of error.

The plaintiff as appellant and the defendant as plaintiff in error have by consent brought before us the entire record so that the errors complained of on both sides of the case may be considered as if it were here on cross-appeals.

In recurring to the plaintiff's complaint that the court erred in setting aside the verdict on the ground that it had improperly refused defendant's instruction C, it may be stated that it is not negligence for a railway passenger carrier to start its train before a person who has entered such train with the intention, merely, "to speed a departing guest" or to assist one who is sick or infirm in getting a seat has had time to alight therefrom, unless he had communicated this fact to its servant in charge thereof.   In such cases, the duty is de-

pendent upon the knowledge of the carrier and the negligence upon the non-performance of the ascertained duty; without the presence of these constituent ingredients there can be no liability.   Yarnell v. Railway, 113 Mo. 570, and authorities there cited; Deming v. Railway 80 Mo. App. 152, and cases there cited.  In order to make out a cause of this kind it devolves upon the plaintiff to show that the brakeman was informed by the plaintiff when he entered the car that he intended to return.   Yarnell v. Railway, ante; Hurt v. Railway, 94 Mo. 255; Strauss v. Railway, 75 Mo. 185.

It is obviously proper for a court by an instruction to declare to the jury the legal effect of the evidence. But the difficulty with the defendant's said instruction is that it does not go far enough.   The evidence discloses that at the conclusion of the query and the answer, set forth in said instruction, that the brakeman who was present and standing at the entrance of the chair car helped the plaintiff's daughter-in-law reach the platform of the car and then motioned the plaintiff to follow, with the remark "to hurry up."   The plaintiff was clearly entitled to have all these utterances, with the circumstances under which they were made, placed before the jury.   Such evidence was doubtless sufficient to justify the inference that the brakeman heard and understood the utterances of the plaintiff and his daughter-in-law and was thereby apprised that the plaintiff did not intend to take passage on the train but intended to return.   This would have constituted notice.   To single out a part of what was said and done at the time the plaintiff and his daughter-in-law entered the train was subject to the objection as singling out specific facts in such way as to give them undue prominence.   All of the facts involved in the issues should have been mentioned so as to make the instruction cover the entire case.   Meyer v. Railway, 45 Mo. 137; McFadin v. Catron, 120 Mo. 252; State v. Hibler, 149 Mo. 478; State v. Rutherford, 152 Mo. 124.   The conclusion,

therefore, is that the court erred in ordering the verdict to be set aside on account of its action in refusing defendant's instruction C.

Turning now to the defendant's complaint in respect to the adverse rulings of the court on the other grounds of its motion for a new trial and it will be seen that by one of these the question is raised as to whether or not the defendant's negligence in failing to hold its train, as alleged in the petition, was the direct and proximate cause of the injury? The petition, after alleging the plaintiff's entrance into the car and his return to the platform of the same, contains these further allegations, to-wit:

"But upon arriving at the platform aforesaid, *he discovered that the train had started, and was in slow motion, and was moving slowly and steadily away from said depot, along the platform thereof;* plaintiff thereupon stepped down from the said platform to the lower step of said coach, exercising due care and caution, and was expecting and intending to alight therefrom on the platform of said depot, *where there was a convenient place for him to alight from said car, when the same was in slow motion, as it then was, which he could have done without any negligence or carelessness on his part, and without danger of being injured thereby.*

"But when plaintiff stepped upon the lower step of said coach, as aforesaid, and before he had time to alight upon said platform, the agents and servants of defendant, in charge of said train, *negligently and carelessly* caused the said train to *jerk suddenly and quickly, and with great force, so that plaintiff was thrown violently from said steps, and down on to the platform of said depot, by reason of which he fell to the platform aforesaid,* and his left foot and ankle were thrown under the wheels of said train, on the railroad track, and the wheels of said train run over and upon plaintiff's left foot and ankle, crushing the same, whereby and by

reason whereof he was compelled to and did have his left foot and ankle amputated.''

The statute (section 629) requiring pleadings to be liberally construed, extends only to the form of the pleadings and does not apply to the fundamental requirements of good pleading, and a pleader is no more allowed now than before the adoption of the present code to insert doubtful or uncertain allegations, and thereby throw upon his adversary the hazard of correctly interpreting the meaning of such allegations. Sidway v. Mo. Land Co., 163 Mo. l. c. 373. But it has been authoritatively ruled that after verdict the petition should not be most strictly construed against the pleader, but should be construed liberally with a view to substantial justice. Oglesby v. Railway, 150 Mo. 137.

Now, giving the plaintiff's petition a liberal construction, can we conclude from the allegations thereof just quoted that the failure of the defendant to hold its train at the station until the plaintiff, by the exercise of reasonable diligence, could leave it, was the direct and proximate cause of the injury? Negligence is not the proximate cause of an accident unless under the circumstances the accident was the probable as well as the natural consequence thereof—one which might reasonably have been foreseen by a man of ordinary intelligence and prudence. It is not enough to prove that the accident is the natural consequence of the negligence. It must also have been the probable consequence. Black v. Railway, 89 Wis. 378; Huber v. Ry. Co., 92 Wis. l. c. 646; Railway v. Columbia, 69 Pac. (Kan.) 338; Henry v. Railway, 76 Mo. 293; Mathiason v. Mayer, 90 Mo. 585. The proximate cause of an injury is that cause which, in the natural and continuous sequence unbroken by an intervening cause, produces the injury and without which the result would not have happened. Blue v. Ry. Co., 98 Mich. 228; Ins. Co. v. Boone, 95 U. S. 117.

Applying these principles to the case in hand, and what conclusion should be deduced. therefrom? It is alleged the train was moving so slow that the plaintiff could without negligence have left it with safety. Now, can it be maintained that the failure to hold the train until he alighted therefrom was the direct and proximate cause of the injury? The accident was neither the natural nor probable consequence of the alleged negligence. Certainly, under the circumstances, the accident can not be said to have been the probable and natural consequence of the defendant's negligence, or that it was one which might reasonably have been foreseen by a man of ordinary intelligence and prudence. It is conceded that though the train was started before the plaintiff had time to leave it, yet since it moved so slowly he could by the exercise of ordinary care have left it while so in motion with perfect safety. If nothing else except the slow moving of the train before he had time to leave it had occurred, the conclusion is irresistible that the accident would not have happened. The failure to hold the train, at most, did no more than to furnish the condition, or give rise to the occasion, by which the injury was made possible. And it is well settled by authority that where it is admitted or found that two distinct successive causes unrelated in their operation conjoin to produce a given injury, one of them must be the proximate cause and the other the remote cause, and in passing upon the facts as admitted. or found, the court must regard the proximate as the efficient and consequent cause and disregard the remote cause. Railway v. Columbia, ante. It can not be said that but for the starting of the train the accident would not have happened any more than it can be said that if he had not left home or entered the defendant's car it (the accident) would not have happened. The former is as much the proximate cause of the accident as the latter. Henry v. Railway, 76 Mo. 294. We can not see that it can be claimed with any show of reason

that the injury was the result of the initial act of negligence alleged. We are unable to reach any other conclusion than that the first of the quoted paragraphs of the petition fails to allege any actionable ground of negligence for which there is liability. It therefore follows from the foregoing consideration that the court erred in refusing the defendant's instruction X which withdrew from the consideration of the jury the charge of negligence pleaded in the first of the before-quoted paragraphs.

It has been seen from the second paragraph of the petition already quoted that the negligence charged is that the defendant caused its train to *jerk suddenly* and *quickly* and with great force so that plaintiff was thrown with great force, etc. The sufficiency of this allegation may be well questioned. It seems to us that it should have been alleged that the jerk was extraordinary, or more than a usual and inevitable incident to the acceleration of the speed of the train under the circumstances. Stewart v. Railway, 146 Mass. 605; Meers v. Railway, 62 S. W. 1012.

But if the specification under the allegation of negligence be sufficient, there was no evidence adduced which tended to prove that the jerk was unusual, extraordinary or unnecessary, and not usually incident to the ordinary, careful and efficient operation of the train. It was not enough to prove that there was a jerk in the movement of the train. One of plaintiff's witnesses testified that it seemed to him that the jerk occurred when the train took up the slack, but it does not affirmatively appear, as it should, in order to show liability, that the jerk was an extraordinary or unusual one attributable to a defect in the track, an imperfection in the car or apparatus, or to a dangerous rate of speed, or to the unskillful handling of the engine by the engineer, or to something of that kind. Stewart v. Railway, ante; Bartley v. Railway, 148 Mo. 139; Hite v. Railway, 130 Mo. 136; Holt v. Railway, 84 Mo. App.

443; Pryor v. Railway, 85 Mo. App. 378.   In Guffey v.
Railway, 53 Mo. App. 1. c. 462, it was said that, "in this
day and age it may be fairly assumed as a fact within
common knowledge that there is more or less of violent
jolting and jerking incident to the movement of long
and heavy freight trains.   Even on regular passenger
trains, with every appliance for comfort and safety that
can be devised by human skill and ingenuity, this occurs
to some extent."

It is well settled that negligence can not be pre-
sumed where nothing is done out of the usual course of
business unless the course is improper.   There must be
some special circumstance calling for more particular
care and caution to make liability.   There is nothing in
the record to indicate that there was any act or any omis-
sion not incident to the constant usage of the road or in-
dicating fault. It has been said, when something unusual
occurs which injures plaintiff, but such unusual occur-
rence is not even inferentially the result of an unusual
act and the defendant has so far as he is concerned been
pursuing his usual course which heretofore had been
done in safety, then the unusual occurrence is what is
called an accident.   In the absence of any evidence tend-
ing to show that the jerk complained of was unusual,
extraordinary, unnecessary and not usually incident to
the movement of such trains under like circumstances,
the alleged negligence can not be said to be proved.
There is no evidence tending to show that the course
pursued by defendant in the movement of its train was
unusual, nor that the jerk, if it occurred as plaintiff
proved in the taking up of the slack, was unusual, and
therefore there was nothing shown to indicate any act
or omission not incident to the movement of the train
at the time, or indicating any fault for which there was
liability.   It seems to us that the defendant was clearly
entitled to instruction Y withdrawing from the consid-
eration of the jury the allegation of negligence con-
tained in the said second paragraph of the petition.

It follows from the foregoing considerations that the court should have directed a verdict for defendant, and its failure to do so was error.

In the view of the case which we have expressed, it becomes unnecessary to notice the other points discussed in the briefs of counsel. The order of the court setting aside the verdict, though based on a wrong ground, will be affirmed since it was authorized on the grounds which we have sufficiently indicated in the foregoing opinion. All concur.