WILLIAM HUNT, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 24, 1907.

1. PASSENGER CARRIERS: Collision: Prima Facie Case: Negligence. Where a passenger proves that while he was a passenger on the carrier's car it collided with another car on the same track, he makes out a prima facie case of negligence.

2. ———: ———: Negligence: Accident: Instruction. An instruction told the jury if the passenger received his injuries as the result of some occurrence which careful and prudent men, in the situation of defendant's agents, would not have reasonably anticipated or expected, then such occurrence is what, in law, is deemed an accident and the carrier was not liable for the resulting injury. *Held*, what careful and prudent men in the given situation "would not have reasonably anticipated, at best is a very equivocal expression," and the instruction tends to confuse and mislead.

3. ———: ———: Accident: Evidence. The evidence relating to the bursting of a joint in the air brake apparatus as the cause of a collision, is reviewed and it is held that the collision rather caused the bursting of the joint than that the bursting of the joint caused the collision.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*John H. Lucas, Ben T. Hardin* and *Ben F. White* for appellant.

(1) The court erred in granting plaintiff a new trial. (a) Defendant's instruction numbered 6 properly declares the law. This was an "accident" and it

was properly defined. Saxton v. Railway, 98 Mo. App. 504; Wendall v. Railway, 100 Mo. App. 562; Henry v. Railway, 113 Mo. 534; 1 Words & Phrases, p. 66; Crutchfield v. Richmond, 76 N. C. 320; Hite v. Railway, 130 Mo. 140; Sawyer v. Railroad, 37 Mo. 241; Story, Bailments, sec. 602. (2) The verdict was not only in accord with the greater weight of the evidence, but with all the evidence.

*Botsford, Deatherage & Young* and *Goodwin Creason* for respondent.

(1) The trial court did not err in granting plaintiff a new trial on the ground that the verdict was against the weight of the evidence. (2) The trial court did not err in setting aside the verdict of the jury and granting plaintiff a new trial on the ground that the court erred in giving instruction 6. Fuchs v. St. Louis, 167 Mo. 646. (3) It was reversible error in the trial court refusing plaintiff's instructions 13, 14, 15, 16, and each of them. Feary v. Railway, 162 Mo. 96, and cases cited; Estes v. Railway, 110 Mo. App. 730; Fuchs v. St. Louis, 167 Mo. 647; Clark v. Railway, 127 Mo. 197. (4) Where two cars collide and a passenger on one of them receives injuries therefrom, he may plead negligence generally, and under such pleading prove any negligence on the part of the defendant, its employes and agents. Patterson's Railway Accident Law, sec. 375, pp. 438, 439; Railway v. Mawery, 36 Ohio St. 418; Railway v. Albritton, 38 Miss. 242; Smith v. Railroad, 32 Minn. 1; Malloy v. Railway, 173 Mo. 82; Estes v. Railway, 110 Mo. App. 730; Mack v. Railway, 75 Mo. 232; Schneider v. Railway, 75 Mo. 295; Allen v. Railway, 183 Mo. 433. (5) In case of the collision of two cars, a plaintiff who pleads general negligence of defendant, its agents and employes, has made a prima-facie case in the absence of any other proof, when he proves that he was a passenger on one of the cars at the time of the collision, that the cars collided, and that he sustained injuries

therefrom.    Malloy v. Railway, 173 Mo. 82; Estes v.
Railway, 110 Mo. App. 730; Clark v. Railway, 127 Mo.
208; Allen v. Railway, 183 Mo. 433.

BROADDUS, P. J.—The plaintiff claims to have
been injured while a passenger on one of defendant's
west-bound cars on Eighth street in Kansas City, Mis-
souri.    The injury is practically conceded to have been
the result of a collision between two of defendant's cars.
The charge of negligence is that, "on account of the
negligence of the defendant, its agents and employees,
said car on which the plaintiff was a passenger collided
violently with another of defendant's cars on said north
track of said Eighth street, throwing plaintiff violently
against a portion of the car on which plaintiff was a
passenger."    The plaintiff proved that while he was a
passenger on one of defendant's cars it collided with
another car on the same track, whereby he was injured.
He thus made out a prima-facie case.

The defendant introduced evidence tending to show
that the collision was an unforeseen accident which was
caused by the bursting of a union in the air-brake, which
had the effect of letting the air escape and whereby the
persons in charge of the car were deprived of the means
of preventing the collision.    That the defect in the air-
brake that caused it to burst was of such a character
that it could not have been discovered by inspection.
The jury returned a verdict for the defendant, which
the court set aside on the motion of the plaintiff, and
defendant appealed.

The plaintiff assigned various grounds for a new
trial.    The court gave as a reason for granting a new
trial two of the grounds assigned, viz.:   That the verdict
of the jury was against the weight of the evidence, and
that the court erred in giving defendant's instruction
numbered six.    Said instruction six reads as follows:

"When something unusual occurs, but such unusual occurrence is not the result of an unusual act of the defendant, and the defendant has so far as it is concerned, been pursuing its usual course, which had theretofore been done in safety, then the unusual occurrence is what is called an accident. If plaintiff received his injuries as the result of some occurrence which careful and prudent men in the situation of defendant's agent would not reasonably have anticipated or expected, then such occurrence is what, in law, is termed an accident, and the defendant is not liable for the resulting injury to plaintiff."

The defendant seeks to justify the instruction by citation of certain decisions of this court. In Saxton v. Railroad, 98 Mo. App. 494, we find the following. "It has been said that when something unusual occurs which injures plaintiff, but such unusual occurrence is not even inferentially the result of an unusual act and the defendant, so far as he is concerned, has been pursuing his usual course which heretofore had been done in safety, then the unusual occurrence is what is called an accident." And so it is said in Wendall v. Railroad, 100 Mo. App. 556. In so far as the instruction undertakes to define what constitutes an accident, it is in accord with the decisions referred to. But is goes further and includes an element in its application to the case, that the definition does not justify, i. e., the closing sentence, "If plaintiff received his injuries as the result of some occurrence which careful and prudent men, in the situation of defendant's agents, would not have reasonably anticipated or expected, then such occurrence is what, in law, is termed an accident, and the defendant is not liable for the resulting injury." This was a substitution for the definition taken from the books. What "careful and prudent men in the situation of defendant's agents would not reasonably have anticipated or expected," at best is a very equivocal expression. The

word reasonably, has different significations. It sometimes means tolerably, or moderate. Its meaning when applied to a time within which a thing is to be done has given the courts much trouble in its application to the particular facts of the case. What is reasonable is most generally a question upon which the minds of men do not agree. What one would think was reasonable another might think unreasonable. The instruction left the jurors to enter the field of speculation and conjecture. If the collision was the result of an accident, that was the end of the matter. It is folly to talk of anticipating an accident. An accident is something unexpected and unavoidable. At best, the instruction tended to confuse and mislead the jury, and the judge who heard the evidence was in a better condition to know what effect it had on the jury than we are.

"An accident is an event from a known cause, or an unusual and unexpected event from a known cause; casualty." If the bursting of the union or joint of the air-brake of the car was an unusual and unexpected event, the collision was an accident, and the defendant was not liable. That this union of the air-brake did burst seems to be a conceded fact. A careful study of the evidence has convinced us that the bursting of the air-brake under the circumstances was not such an event that could be called unusual and might have been anticipated by the exercise of ordinary care, much less the highest degree of care. It was shown that the track in question was wet and not sanded; that the union in question was made of the best material, and that one never bursted before or since under the same conditions; that the break in the metal was fresh and clean with no evidence whatever of a prior weakening; that the pressure of the air at all times was uniformly eighty pounds to the square inch, consequently the strain was no greater when the car was started down the grade than when on the level. Taking all these facts into consideration

with the statement of the motorman that he first heard
the noise of the escaping air about the time it struck
the car in front, goes to show in our opinion that the
break was occasioned by the collision. We do not see
how it could have occurred otherwise. It is true that
the motorman was somewhat uncertain as to when he
first heard the escaping air, but we think it safe to say
that a fair construction of his evidence is as we have
stated it. But, admitting it to be otherwise, we cannot
escape the conclusion that the only way in which the
union was bursted was by the result of the collision.
We are of the opinion that the court was justified in
holding that the verdict was against the weight of the
evidence.

· The defendant's eighth instruction is subject to the
same objection as that we have noted as to its sixth.
The plaintiff's fourteenth instruction should have been
given, as it properly defines the degree of care required
of defendant under the facts of the case.

For the reasons given, the action of the court in·
granting a new trial is affirmed. All concur.